**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHRIS HAMBURG,<br><br>Defendant - Appellant. | No. 23-3375<br><br>D.C. No.<br>1:22-cr-00140-BLW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 3, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Appellant Chris Hamburg appeals his 240-month sentence for two counts of

transporting a minor across state lines to engage in criminal sexual activity in

violation of 18 U.S.C. § 2423(a). We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

1.  Hamburg argues that the district court procedurally erred by failing to explain its statutory maximum sentence. Where, as here, a defendant fails to object to the sufficiency of the court's explanation at sentencing, we review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Hamburg must therefore show (1) error that was (2) plain and (3) affected substantial rights. *United States v. Williams*, 5 F.4th 973, 978 (9th Cir. 2021). If all three prongs are met, the court may "grant relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (cleaned up).

The district court sufficiently explained its reasons for imposing a 240-month sentence, which was above Hamburg's Guidelines range. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court described the uniquely aggravating nature and circumstances of the offense, the mitigating factors of Hamburg's medical history, limited criminal history, and difficult childhood, and the need to promote respect for the law and provide general deterrence.

Hamburg argues that the district court failed to address his nonfrivolous argument that his acceptance of responsibility warranted a lesser sentence.

23-3375

However, a review of the full record shows that after imposing the sentence, the district court provided specific reasons for discounting Hamburg's acceptance of responsibility, stating that it found Hamburg's allocution "troubling" because it focused on how his crimes had impacted himself rather than his victims. The district court did not plainly err in explaining its reasons for imposing the maximum sentence in this case.

2.  Hamburg also argues that a 240-month sentence is substantively unreasonable. The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020). "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish § 3553(a)(2)'s sentencing goals. The touchstone of reasonableness is whether the record as a whole reflects a rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (internal citations and quotation marks omitted). The record reflects a rational and meaningful consideration of the § 3553(a) factors, including the nature and circumstance of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense. The district court did not abuse its discretion.

**AFFIRMED.**

23-3375